IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIK R. CARBAJAL,** | CV11-09134 ODW (DTBx) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | **NOTE CHANGES MADE BY THE COURT** |
| **R. RABORN, et al.,** | |
| Defendants. | Judge: The Honorable David T. Bristow |

**ORDER**

Based on the stipulation of the parties filed concurrently herewith, and for good cause shown, the Court makes the following orders:

1. Plaintiff's counsel shall maintain the confidentiality of the Confidential Reports produced in discovery by Defendants. Specifically, Plaintiff's counsel shall take all reasonable steps to safeguard the Confidential Reports, and shall not disclose or disseminate the documents or their content except as provided herein.

2. Plaintiff's counsel may disclose Confidential Reports to co-counsel, and employees who are assisting in the prosecution of this action, including settlement, trial, or any appeal relating thereto. Any co-counsel and employee, to whom

disclosure is made, shall be advised of, shall become subject to, and shall agree in advance of disclosure, to the provisions of this Protective Order, requiring that the material and information contained in therein be held in confidence.  Additionally, Plaintiff's counsel may share the Confidential Reports with experts and investigators retained by the Plaintiff without obtaining further consent provided that such individual(s) consent in writing to be bound by this stipulation and order to the same extent as Plaintiff's counsel.

  3. Plaintiff's counsel shall not show the Confidential Reports to Plaintiff Erik Carbajal, or third parties, without first obtaining consent of Defendant's counsel or a court order authorizing disclosure.  Plaintiff's counsel is free to discuss with Plaintiff the facts and circumstances contained within the Confidential Reports, related to the subject incident, being mindful not to disclose information to Plaintiff related to the identities of CDCR staff, inmates assisting CDCR or Plaintiff's victim(s).

  4. The Confidential Reports shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, for any purpose other than prosecuting, defending and attempting to settle this matter.

  5. Any copies made of the Confidential Reports shall be stamped "CONFIDENTIAL."

  6. DISPUTES:

   6.1 Any party or non-party may challenge a designation of confidentiality.  If a party or non-party fails to challenge a confidentiality designation within sixty (60) days of receiving the designated confidential information, it waives its right to challenge the confidentiality designation.

   6.2 The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge, or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

    7.     If, during any court proceeding, either pre-trial, post-trial or during trial, Plaintiff intends to offer into evidence any documents, exhibits, or other materials that reveal materials or information identified as Confidential Reports (or part thereof) by Defendants, counsel for Plaintiff shall provide counsel for Defendants reasonable advance notice of such intention.  In accordance with Local Rule 79-5.1, if papers to be filed with the Court contain material or information that has been designated as "CONFIDENTIAL" the proposed filing shall be accompanied by an application to file the papers or the portions thereof containing the confidential material information (if such information is segregable) under seal; and that the application shall be directed to the judge to whom discovery is assigned.  If, in connection with any deposition taken in this action, Plaintiff's attorneys question a witness regarding materials marked as "CONFIDENTIAL" by Defendants as agreed, or uses confidential material as deposition exhibits, the transcripts of such deposition testimony and exhibits shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

    9.     Failure to comply with the Protective Order could subject the non-compliant individual(s) to sanctions and punishment in the nature of contempt.

    10.     Plaintiff's counsel agrees to return the Confidential Reports, and any and all copies, to Defendant's counsel no later than sixty days following conclusion

of the proceedings in this case, including any appeal or retrial.

     11.   This order, and the obligations of all persons thereunder, including those related to disclosure and use of the Confidential Reports, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal, or otherwise, until further order of this Court.

IT IS SO ORDERED.

4/24/12

_____
Honorable David T. Bristow
United States Magistrate Judge